NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2008-3281

FRANCIS J. WINN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Intervenor.

Jacob Y. Statman, Snider & Associates, LLC, of Baltimore, Maryland, for petitioner.

Michael A. Carney, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Joyce G. Friedman, Acting Associate General Counsel for Litigation.

Dawn E. Goodman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3281

FRANCIS J. WINN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Intervenor.

Petition for review of the decision of the Merit Systems Protection Board in Case No. PH-315H-08-0273-I-1.

_____

DECIDED:  July 2, 2009

_____

Before NEWMAN, RADER and PROST, <u>Circuit Judges.</u>

PER CURIAM

      Dr. Francis J. Winn appeals the decision of the Merit Systems Protection Board ("MSPB" or "Board"), dismissing his appeal on the ground that his resignation, upon

removal during the probationary period, was not involuntary. We <u>affirm</u> the dismissal.

BACKGROUND

Effective August 19, 2007 Dr. Winn was appointed to a career-conditional position as a Social Science Research Analyst with the Department of Health and Human Services, subject to a one-year probationary period. On November 13, 2007 HHS gave Dr. Winn a written "Notice of Termination during your Probationary Period," stating that his employment would terminate on November 14 at 12:01 am due to inadequate performance, unprofessionalism, and inappropriate communications with colleagues. At about 4:15 pm or 4:30 pm of the same day his supervisor informed Dr. Winn that he had the right to resign voluntarily if he did so by midnight that night, before his termination became effective. This resignation option is set forth in Article 33 of the Master Labor Agreement, American Federation of Government Employees Local 1923, as follows:

> E. Probationary employees may choose voluntary resignation in lieu of termination at any time prior to the effective date of their termination. If the probationary employee voluntarily resigns, the employee's official personnel folder shall not contain an Agency comment or finding regarding the resignation.

Dr. Winn sent a letter of resignation by facsimile at 6:58 pm on November 13, 2007. The letter stated his immediate resignation, and that this action did not preclude the right to take "any actions I believe are appropriate to protect my rights and reputation." At 8:48 pm on the same evening Dr. Winn sent an e-mail to his supervisor, reiterating his resignation and his "understanding that I may pursue further action to protect both my professional and personal reputation."

On December 11, 2007 Dr. Winn filed a timely appeal with the MSPB, stating that his resignation was not voluntary, but was a constructive discharge because the notice of

termination was fraudulently based on unfounded charges, and because he was pressured to make an immediate decision to resign. See 5 C.F.R. §1201.56(a)(2)(i) and (c)(2) (2007). The administrative judge ("AJ") issued an acknowledgement order directing Dr. Winn to file evidence and argument establishing that his appeal was within the Board's jurisdiction, citing his status as a probationary employee. Dr. Winn, represented by counsel, replied that HHS 1) constructively discharged Dr. Winn, (2) improperly discharged him for pre-appointment actions, (3) should have known that the allegations in the notice of removal could not be substantiated, and (4) discriminated against him on the basis of his marital status. The agency in response pointed out that he had not asserted a statutory reason for appeal to the MSPB, and that he offered no evidence of coercion or duress to resign.

The AJ issued a show cause order informing Dr. Winn of his burden to present a nonfrivolous allegation supported by factual evidence casting doubt on the presumption that he voluntarily resigned, for voluntary resignations do not permit appeal of any underlying employment issues. See 5 C.F.R. §752.401(b)(9)(2007). The AJ found that Dr. Winn had not shown that the resignation was involuntary, and had not established, by non-frivolous allegation, a statutory basis for appeal to the MSPB. Accordingly, the AJ concluded that he had no jurisdiction over Dr. Winn's grievance. The ruling became final, and this appeal followed.

DISCUSSION

Decisions of the MSPB are reviewed to determine whether they were "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. §7703(c). Plenary review is given to

questions of law, and findings of fact are reviewed for support by substantial evidence.

Employees who are terminated during the probationary period can appeal to the MSPB only on the limited grounds set by statute, viz., removal for partisan political reasons, martial status, or pre-employment conditions. 5 C.F.R. §315.806(b), (c); see also Stokes v. Federal Aviation Admin., 761 F.2d 682, 685 (Fed. Cir. 1985) ("Under an Office of Personnel Management . . . regulation, 5 C.F.R. § 315.806(b), the Board will . . . consider appeals from agency actions adverse to probationary employees when those employees allege that those actions were the result of partisan political or marital status discrimination."). It is undisputed that HSS provided Dr. Winn with notice "as to why he is being separated and the effective date of the action." 5 C.F.R. §315.804. It is also undisputed that "the information in the notice . . . consist[ed] of the agency's conclusions as to the inadequacies of his performance or conduct." Id. Accordingly, HHS discharged its duties under this regulation.

Dr. Winn states that HHS did not comply with the procedural requirements of 5 CFR §315.805, which govern situations where an agency seeks to terminate a probationary employee for "for conditions arising before appointment." When an agency removes a probationary employee for such conditions, there arises an exception to the general rule of the non-appealability of removal of probationary employees. In such case, the probationary employee is entitled to additional safeguards, including notice of the proposed action, a reasonable time to respond, and notice of the adverse decision. 5 C.F.R. § 315.805. It is undisputed that Dr. Winn was not given a notice of proposed removal and time to file a response; instead, he was summarily removed as of midnight of the day of the notice of actual removal. Accordingly, if Dr. Winn had presented a prima facie pleading that he was

removed for pre-employment conditions, he would have been entitled to challenge whether his resignation was voluntary, or whether it must be deemed involuntary because of the short time in which he had to decide whether to resign. However, the reasonable and fair reading of the removal notice is that Dr. Winn was being removed for inadequacies that were manifested during his actual employment, and not for anything that happened before his employment. Substantial evidence supports the AJ's conclusion that §315.805 was not implicated.

In short, probationary employees have very limited rights and safeguards. Although the labor agreement extended to probationary employees the right to choose resignation and a clean record, this benefit did not serve to enlarge the notice period available to probationary employees. That is, when a probationary employee is properly terminated on one day's notice, the election of the right to resign is limited to the time before the termination is effective. Reversible error has not been shown in the Board's dismissal of Dr. Winn's appeal for lack of jurisdiction due to his probationary status.

No costs.